DOSS MOTOR Co. *v.* KEMP MACHINERY SERVICE.

Feb. 4, 1952.

No. 38211 (56 So. (2d) 707)

Livingston & Fair, for appellant.

**J. H. Hathorn,** for appellees.

## Kyle, J.

Kemp Machinery Service, a partnership composed of Walter Kemp and H. T. Kinard, filed suit in the justice of the peace court of Winston County against S. B. Vanlandingham and the Doss Motor Company, a corporation, for the recovery of a judgment against Vanlandingham and for the enforcement of a lien for materials and repairs on a one and one-half ton 1947 G.M.C. truck owned by Vanlandingham subject to a retained title lien in favor of the Doss Motor Company. The plaintiff attached to the declaration filed in the justice of the peace court an itemized statement of the materials furnished and repairs

made and the labor performed on the truck by the plaintiff, amounting to $132.70.

Judgment was rendered in the justice of the peace court in favor of the plaintiff and against Vanlandingham for the amount sued for and establishing a lien against the truck for the amount of the judgment. The Doss Motor Company thereupon appealed the case to the circuit court. The case was tried de novo before a jury in the circuit court. It was expressly stipulated during the trial that if the court should hold that the lien of the plaintiff for materials and labor represented a valid lien superior to the retained title lien of the Doss Motor Company, judgment should be entered directly against the Doss Motor Company for the amount found to be due and for which the plaintiff was entitled to enforce its lien against the truck. A verdict was returned in favor of the plaintiff against the Doss Motor Company for the sum of $104.70, being the amount due for the repairs made on the truck. It appeared from the testimony that $28 of the materials and labor furnished by the plaintiff was for labor and materials furnished in repairing a trailer in which the Doss Motor Company had no interest, and for that reason the finding of the jury against the Doss Motor Company was limited to $104.70. After the jury had returned its verdict, the court entered judgment in favor of the plaintiff against Vanlandingham and the Doss Motor Company for the sum of $104.70, and against Vanlandingham for the additional sum of $28. From the judgment thus entered by the circuit court the Doss Motor Company prosecutes this appeal.

The proof showed that Vanlandingham purchased the truck from the Doss Motor Company during the month of December 1947; and that the unpaid balance of the purchase price was to be paid by Vanlandingham to the Doss Motor Company in monthly installments; all of which was evidenced by a purchase money note which recited that title to the truck should remain in the Doss Motor Company until the balance of the purchase price

had been paid. Vanlandingham used the truck for a short time in hauling pulpwood. Sometime during the month of February Vanlandingham carried the truck to the Kemp Machinery Service and had certain repairs made on the truck for the purpose of using it in hauling logs for one Monroe Lee in Alabama.

The logging operations were to be carried on in a very hilly country where there were no roads, and to get the logs out of the woods it was sometimes necessary to mount the trailer used in hauling the logs on the truck and to back the truck into the woods where the logs were to be loaded. The repairs which Vanlandingham had the Kemp Machinery Service make consisted of installing a headache rack behind the cab of the truck and installing a trailer carrier, log standards and a pull hook on the truck. The pull hook was attached to the front end of the truck so that the truck might be hitched to a tractor if it became necessary to make use of a tractor in pulling the load out of a ravine or up a steep incline. The headache rack was built up behind and over the cab "for the protection of the cab and for the trailer pole to ride in when it was hauling the trailer." Vanlandingham also had some welding done on the bolsters and the upright pieces to hold the logs on the truck. As to the need for repairs Vanlandingham said, "Well, we were in a hilly country, and we had to have this done to haul this trailer and back in these places and get the logs. We would have to back down a hill probably a quarter and you couldn't back in there with your trailer down, you had to ride it in to get into these places."

The appellant's attorneys in their assignment of errors and in their brief contend that the court erred in refusing to grant the peremptory instruction requested by the Doss Motor Company on the ground that the repairs made by the Kemp Machinery Service on the truck were not reasonably necessary to preserve the property, or to permit its ordinary operation or to prevent deterioration. Appellant's attorneys contend that the work done on the

truck and the material furnished were not needed for ordinary hauling, that the headache rack, the trailer carrier and log standards were not standard equipment usually required for the operation of a truck, but that said articles were in the nature of additional equipment; and that the rule of caveat emptor should be applied in this case.

Several witnesses testified for the plaintiff on the question as to whether or not the above mentioned repairs were reasonably necessary for the proper preservation and operation of the truck. Each of these witnesses, who were qualified by experience to testify on the point, stated that in his opinion the repairs were necessary, if the truck was used for hauling logs. The issue as to whether the repairs were reasonably necessary to preserve the truck and keep it in running order and prevent its deterioration was submitted to the jury under proper instructions from the court, and the jury by its verdict found that the repairs were necessary for the purposes stated. We think that the testimony offered by the plaintiff to show that the repairs were necessary for the above stated purposes was competent, and that the jury was justified in its finding that the repairs were reasonably necessary to preserve the property and permit its ordinary operation. This case, therefore, comes within the rule laid down in the case of J. A. Broom & Son v. S. S. Dale & Sons, 109 Miss. 52, 67 So. 659, L. R. A. 1915D, 1146, and the judgment of the lower court is therefore affirmed.

Affirmed.

**McGehee, C. J.,** and **Lee, Arrington** and **Ethridge, JJ.,** concur.